■ In the Matter of DANIEL LOUGHLIN, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority suspending petitioner's license unanimously annulled, with $20 costs and dis-

bursements to petitioner, and the charges dismissed. The first charge against petitioner is that he suffered or permitted the licensed premises to become disorderly on January 28, 1962. The disorder consisted of an assault upon Moises Sanchez, a patron. The incident was preceded by an argument between two patrons, Fletcher and Graham, seated at a table about 15 feet from the bar. Subsequently, Sanchez, who had been standing at the bar and to whom the argument was audible, joined Fletcher and Graham at the table and was thereafter assaulted by the latter, whereupon "two other guys" also assaulted him. The hearing officer, whose findings were adopted by the Authority, may have been justified in inferring that the argument between Fletcher and Graham was as audible to the bartender as it was to Sanchez and that its nature was such as might lead to fisticuffs between Fletcher and Graham. But the gravamen of the charge, as we understand it, does not lie in suffering or permitting a verbal dispute, and the record is unquestionable that the argument between Fletcher and Graham had subsided before Sanchez came to their table, that during the appreciable period he sat there before Graham struck him the conversation at the table was unargumentative and conducted in a low tone, and that the attack was sudden and unexpected. Nothing indicates that the bartender should have foreseen Graham's eruption, and it occurred too swiftly to halt. Accordingly, substantial evidence to sustain the first charge is lacking (see CPLR, § 7803, subd. 4). The police officer who investigated the assault on Sanchez was informed by the bartender that it had taken place outside the licensed premises. The second charge against petitioner is that the information was false and had impeded the investigation. While this charge has substantial evidentiary support, we are of opinion that the penalty is unwarranted on the basis on which it was imposed. The Authority invoked a rule which authorizes suspension of a license for improper conduct by a licensee (which term is defined to include an employee of a licensee) "of such a nature that if known to the Authority, the Authority in its discretion could properly deny the issuance of a * * * license or any renewal thereof because of the unsatisfactory character and/or fitness of such person" (9 NYCRR 53.1, subd. [n]; § 53.2). Implicit in the rule is the requirement that the Authority may not exercise its discretion arbitrarily (see CPLR, § 7803, subd. 3). On the record before us, however, a refusal by the Authority to allow petitioner to continue in business because of his bartender's misrepresentation to the police officer would clearly be arbitrary. No link between the bartender's culpability and the petitioner is shown. The falsehood was an isolated and independent act of an employee, committed with neither the connivance nor the knowledge of his employer. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.